## COMMONWEALTH *vs.* JANE LEWIS.

When in an indictment against a woman, she is described as A. B. "wife of C. D." these latter words are mere ·addition, or *descriptio personæ ;* and it need not be proved, on the trial, upon the plea of not guilty, that she is such wife. If such addition be wrong, it must be excepted to by plea in abatement.

A married woman, who lives apart from her husband, may be indicted alone, and punished, for keeping a house of ill fame.

THE defendant was convicted, in the municipal court of the city of Boston, of keeping a house of ill fame. The indictment alleged that " Jane Lewis, wife of Andres V. Lewis, on the first day of May, &c., in the absence of her said husband, did keep and maintain a certain house," &c. The defendant pleaded not guilty. At the trial in the court below, the judge ruled that the Commonwealth must prove that the defendant was a married woman, before she could be convicted. A witness was then called, who testified that he knew the defendant's husband, and that he had not lived with her since she kept the house in question. Another witness testified that the defendant had spoken to him about her husband, whom the witness knew personally, and that she had told the witness that her husband did not live with her, and that she hired this house herself. No other evidence was offered to prove that the defendant was a married woman. The defendant's counsel objected, that this was not competent evidence to prove the marriage; but the judge overruled the objection, and upon this and other evidence in the case, the jury found the defendant guilty. The case came to this court upon exceptions to the ruling of the judge in the court below as to the competency of the evidence to prove the marriage of the defendant.

*Wheelock*, for the defendant, argued that the averment in the indictment was a specific allegation which must be proved, and not a mere description of the defendant ; and that the evidence given at the trial was neither sufficient nor competent. 2 Stark. Ev. 932. *Commonwealth v. Littlejohn*, 15 Mass. 163.

*Austin*, (Attorney General,) for the Commonwealth, cited 1 Chit. Crim. Law, 206, to show that the words " wife of A. V.

Lewis," were the mere addition and the proper addition of the defendant. Some addition must be given, but an omission or mistake of addition can be excepted to only by plea in abatement. 1 Chit. Crim. Law, 445 – 447.

The judge below erred in requiring proof that the defendant was the wife of A. V. Lewis; and this court, even if the proof was insufficient, (which is not admitted,) will not arrest the proceedings.

DEWEY, J. The counsel for the accused insists that it was incumbent on the government to prove, on the trial of this cause, that she was the lawful wife of Andres V. Lewis, and that the presiding judge admitted incompetent evidence in proof of that fact. Before proceeding to the consideration of this objection, it may be proper to remark, that no question is raised as to the sufficiency of the evidence to have warranted the jury in finding that the defendant kept a house of ill fame, had she been charged with doing it under the description of a feme sole. But it is said that she is charged with the offence complained of, accompanied by the allegation, that she was the wife of the said Andres. This allegation is found in the indictment, in that part of it in which the defendant is first named, and wherein she is described as " Jane Lewis, wife of Andres V. Lewis, of Boston," and also in the subsequent allegation, in the indictment, that she, " in the absence of her said husband, did keep and maintain a certain house of ill fame," &c. These are supposed, by the counsel for the defendant, to be material allegations, and necessary to be proved on the trial, under the plea of not guilty. But in the opinion of the court, the allegation that the prisoner was the wife of Andres V. Lewis, is a mere *descriptio personæ*, or addition, and if erroneous as such, the only remedy is by a plea in abatement. The plea of not guilty was a waiver of all objections of this nature, and put in issue only the material allegations necessary to constitute the offence of keeping a house of ill fame. It is therefore unnecessary to express any opinion as to the competency of the evidence, offered to prove that the defendant was the wife of said Andres V. Lew

is, as that question was not raised by the issue on which the jury were called to pass.

As to the other allegation in the indictment, that the act complained of was committed by the defendant " in the absence of her husband," it may be remarked, that it is no part of the statute provision, upon which this indictment is founded, (Rev. Sts. c. 130, § 8,) that the party should be a married woman, or that she should do the acts therein forbidden " in the absence of her husband." The statute provides that " *every* person, who shall keep a house of ill fame, &c." " shall be punished, &c." The only ground for requiring proof of the absence of the husband, would be by assuming that the defendant was the lawful wife of Andres V. Lewis, (a fact denied by the defendant to be proved by competent evidence,) and by showing that the offence charged was one which, if participated in by a married woman, would not constitute her a guilty party ; she being supposed to have acted in subjection to her husband. The humanity of the criminal law does, indeed, in some instances consider the acts of the wife as venial, although she has in fact participated with her husband in certain acts, which, on the part of her husband, would constitute an offence, as against him ; upon the ground that much consideration is due to the great principle of confidence which a feme covert may properly place in her husband, as well as the duty of obedience to the commands of the husband, by which some femes covert may be reasonably supposed to be influenced in such cases.

Thus in cases of theft, or burglary, where the wife is in company with her husband, the law presumes that she acts under coercion ; and she is to be acquitted. But even this presumption, it is said, may be controlled by clear evidence that she was tne principal offender. And this rule of presumption of coercion, on the part of the husband, does not prevail in relation to a case like the present. 1 Russell on Crimes, (1st ed.) 26. This is an offence, of which a feme covert may be guilty, as well as if she were sole ; and she, together with her husband, may be convicted and punished. 1 Russell on Crimes, 433. 1 Salk. 384. And it is a general rule, that if the offence be of the

character that it may be committed by her alone, without the concurrence of the husband, she may be punished alone. 1 Russell on Crimes, 26. 4 Bl. Com. 29. But even if it were necessary, in the present prosecution, to establish by evidence the fact of the absence of the husband, the confessions of the wife were entirely competent to prove that fact. It could have been necessary to be proved only upon the assumption, that she was a married woman ; and if she was married, the absence of her husband was properly shown by the evidence.

Upon the whole matter, the court are therefore of opinion, that the verdict was well authorized by competent evidence, and that the exceptions be overruled.